FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 06 2011 ★

DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

                    Plaintiff,

          -against-

U.S. DISTRICT COURT EASTERN AND
SOUTHERN DISTRICT OF-TYRANNY, NEW YORK;
MR. GLEESON AND ALL JUDGES WHO HAVE
DISMISSED PLAINTIFF'S CASES FROM 7 TO 8
MONTHS AGO ALL THE WAY BACK TO 2003;
GOVERNOR CUOMO; V.P. BIDEN; A.G. HOLDER;
ELLIOT SPITZER,

                    Defendants.

---------------------------------------------------------------x

MEMORANDUM AND ORDER
11 CV 4068 (KAM)

**MATSUMOTO, United States District Judge:**

          Pro se plaintiff filed the instant action on August 19, 2011.  For the reasons set

forth below, the court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 for the purpose of this order, and dismisses the complaint.

## Background

          This is the seventh action plaintiff has filed in this court.  See Gamez v. Court

Room 41 et al., 10 CV 5414 (JG) (pending § 1983 against Rikers Island Correctional Facility

guards); Gamez v. State of New York D.O.C. et al., 11 CV 1918  (JG) (dismissed by order dated

May 4, 2011, as duplicative and frivolous); Gamez v. The State of New York et al., 11 CV 1921

(JG) (dismissed by order dated May 4, 2011, as frivolous); Gamez v. The State of New York et

al., 11 CV 2760 (JG) (dismissed by order dated July 25, 2011, as frivolous); Gamez v. The State

of New York et al., 11 CV 2829 (JG)  (dismissed by order dated July 25, 2011, as frivolous);

Gamez v. The State of New York et al., 11 CV 3374 (BMC) (dismissed by order dated July 18,

1

2011, for failure to state a claim and as frivolous).

The instant complaint states:

Plaintiff has asked these government officials for help in stopping the underground warfare by the U.S. government against Plaintiff. And Plaintiff has asked the higher government officials to stop the lower government officials-local police Gestapo who encourage 'privateers', 'private actors' and evil-disposed active conniving agents from Stalking, ambushing, sidewalk harassments, illegal surveillances, illegal surveillance for just the purpose of attacking, cyber-bullying, mobbing, bullying, covert warfare unfavorable to Plaintiff and lynching's, since 2004 in New York and Los Angeles and on the greyhound bus.

(ECF No. 1, Complaint ("Compl.") at 1.)  Plaintiff seeks monetary damages for these harms.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

Although plaintiff names Judge John Gleeson, Governor Cuomo, Vice President Biden, Attorney General Holder and Elliot Spitzer as defendants in the caption of the complaint,

2

plaintiff fails to make factual allegations against any of the defendants. Nevertheless, judges have absolute immunity for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Dupree v. Bivona, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotation omitted); McHenry v. Trager, No. 07 CV 5242, 2008 WL 115391, at *1 (E.D.N.Y. Jan. 10, 2008). Accordingly, to the extent that plaintiff seeks to bring suit against Judge Gleeson for any action taken within the scope of his responsibilities as a District Judge, Judge Gleeson is entitled to absolute judicial immunity and the complaint against him must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

With respect to the remaining defendants, plaintiff alleges no basis for their personal involvement in the alleged constitutional violations. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Accordingly, the complaint must be dismissed as to the remaining defendants. 28 U.S.C. § 1915(e)(2)(B).

Moreover, in Denton v. Hernandez, 504 U.S. 25, 32 (1992), the Supreme Court held that a court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. "[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Id. at 33. The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v.

3

Williams, 490 U.S. 319, 325 (1989).  Plaintiff's allegations, even under the liberal reading the courts gives *pro se* pleadings, easily qualify as frivolous under the standard asserted above.  See Denton, 504 U.S. at 33.  Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaint is dismissed.

### Conclusion

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).  The court notifies plaintiff that if he persists in filing frivolous or malicious actions, he may face future filing restrictions.  See Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009) (affirming district court's imposition of sanctions on vexatious litigant after notice and opportunity to respond was provided); Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotation marks omitted); Zinnamon v. Outstanding Bus Co., Nos. 08 CV 1787, 08 CV 1786, 2009 WL 3048722, at *6 (E.D.N.Y. Sept. 23, 2009).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/

_____
KIYO MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
      September 6, 2011

4